# Richmond.

## SMITH V. WAUGH.

### APRIL 26th, 1888.

1. DEBTS—*Payment—Extinguishment.*--It is a settled principle that payment by one who is primarily liable to one entitled to collect the debt, is an extinguishment of the debt and all liability thereunder, and however held, transferred or assigned, it is ever afterwards a mere nullity.
2. PERSONAL REPRESENTATIVES—*Settlement—Administrator d. b. n.*--Certain bonds taken by administrator in settling an estate, have been accounted for and paid over to the distributees:

HELD:

    Subsequent administrator or receiver cannot collect such bonds.

. Argued at Staunton. Decided at Richmond. Appeal from decree of circuit court of Amherst county rendered at its April term, 1885, in the cause wherein Henry E. Smith, the appellant, is complainant, and E. A. Waugh and others, the appellees, are defendants. Opinion states the case.

*Kirkpatrick & Blackford, Sheffey & Bumgardner,* and *W. W. Gordon,* for the appellant.

*R. Whitehead* and *J. T. Brown,* for the appellees.

LACY, J., delivered the opinion of the court.

In the year 1859, Roderick Waugh died, leaving a will by which his property was disposed of among his wife and certain relatives. J. D. Davis qualified as his administrator *c. t. a.,*

and a suit was brought in the county court of Amherst, in 1860, for the construction of the will of the said Waugh, and distribution of his property thereunder. J. D. Davis was appointed commissioner to sell the land and slaves, when the cause was removed to the circuit court, and at the September term, 1860, the said Davis was directed to collect the bonds taken for the slaves sold, and directed to pay over and distribute the proceeds among those entitled according to the will as construed by the court; that is, to Editha A. Waugh, W. H. Waugh, and Nicholas Waugh, and a special legacy to one Gellespie. Subsequently this cause was stricken from the docket as an ended cause. At the April term, 1875, J. D. Davis being dead, and one J. E. Williams having been appointed administrator in his stead, a statement was presented to the court by counsel for Williams, showing that two bonds had been found among the papers of Davis, which appeared to belong to the estate of Waugh, taken by Davis as administrator and commissioner. One was the bond of W. H. Davis for $1,000; the other, the bond of R. W. Snead, with the appellant H. E. Smith as surety; and C. T. Hill was, as sheriff, ordered to collect these bonds. The Davis bond was shown to be worthless by receipts which proved its payment in full, and that matter ended there. But the suit was brought upon the Snead bond; and, Snead being insolvent, it was defended by Smith, upon the ground that he had given notice to J. D. Davis to sue, and he had not done so, and that he was released as surety; but judgment was recovered thereon, whereupon Smith brought this suit to restrain the enforcement of this judgment by execution, upon the ground that Davis had paid off the beneficiaries their entire interest in the estate in his hands, and had thus become the owner of the bond, which was paid by a larger sum which he owed Snead. The testimony being in, and the cause ready for a hearing, the court below dissolved the injunction, and dismissed the bill of the plaintiff, whereupon Henry E. Smith appealed to this court.

It will not be denied that, if J. D. Davis had fully accounted to and settled with the beneficiaries under the will of Roderick Waugh, that they have no just claim to make further demand against him on account of this bond, or on any other account, whether the same has been collected of Snead by him or not; and it is equally clear and indisputable that if J. D. Davis had collected this bond of Snead, the principal, that neither J. D. Davis (for he has received it) nor Waugh's estate (because J. D. Davis was authorized to collect it) can demand payment of the same of Smith. Smith's undertaking was for Snead; and, if Snead had paid the debt, the same is extinguished. It is a well-settled principle that payment by one who is primarily liable to one entitled to collect the debt is an extinguishment of the debt, and all liability thereunder. However held or however transferred or assigned, it is ever afterwards a mere nullity. The record discloses the fact that the property was distributed in kind, except these two bonds of W. H. Davis and Snead, and J. D. Davis was ordered to collect these. He promptly collected the W. H. Davis bond, which was found among his papers; and accounted for the proceeds of this and the amount of the Snead bond to the beneficiaries, as they themselves admit; and, when J. E. Williams instituted suit on this Snead bond, he dismissed the suit upon its being shown to him that it had been accounted for by J. D. Davis. The question involved in dispute is merely one of fact. Had J. D. Davis fully settled and accounted with the Waughs? We are mindful of the weight which is accorded to the decision of the lower court; and although the testimony in such a case is altogether in the form of depositions in writing, when, of course, the witnesses appeared to the court below in the same guise as before this court, still it is with caution that we come to consider and to reverse the finding of the court below upon a mere question of fact. But in this cause we are at a loss to discern the solution of the court's decision. The suit is necessarily for the benefit of the beneficiaries under the will of Rod-

erick Waugh, or it should be.  They, however, with one accord, acknowledge payment, and disclaim any right to make any demand on J. D. Davis; and the full accounting of Davis being shown to the satisfaction of the administrator, who is charged by law with this duty, he dismisses the suit brought by him, and directs the withdrawal of this; and yet the receiver of the court, appointed in the cause long after it had ended and been removed from the docket, insists successfully that the Waughs must be paid again, and begins his solicitude for them by agreeing to pay counsel one-half to collect the bond.

I think the circuit court erred in its decree dissolving the injunction and dismissing the bill, and that the said decree should be reversed and annulled, and the injunction perpetuated.

DECREE REVERSED.